# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

MARGUERITE L. MARTIN II,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

Case No. C19-0009 RSM

ORDER DENYING ALL PENDING MOTIONS TO INTERVENE

This matter comes before the Court on sixteen identical one-page Motions to Join filed by non-parties. Dkts. #5 through #20. The Court interprets these as motions to intervene properly brought under Federal Rule of Civil Procedure 24.[1] These Motions are identical except for the name, address, and signature of the individual filing the Motion. The only content in each is the sentence "[w]ith this petition, I acknowledge the contents of pro se litigant Marguerite L Martin's complaint and declare these grievous harms are befalling the American people to include myself and/or my loved ones," a citation to *Johnson v. City of Shelby, Miss.*, 743 F.3ed 59, 62 (5th 2013), and the assertion that a pro se plaintiff is not required to set forth the legal theory supporting the asserted claim for relief. Generally speaking, there are no

---

[1] To the extent these individuals seek to join as parties under the joinder provisions in Federal Rules of Civil Procedure 19 and 20, such must also be denied. A nonparty cannot on its own motion join as a party under Rule 19 or 20. *See Thompson v. Boggs*, 33 F.3d 847, 858 n. 10 (7th Cir. 1994), *cert. denied*, 514 U.S. 1063, 115 S. Ct. 1692, 131 L. Ed. 2d 556 (1995).

ORDER DENYING ALL PENDING MOTIONS TO INTERVENE - 1

attachments.[2] It is clear that these are fill-in-the-blank form Motions originally drafted and distributed by (or with the knowledge of) the named Plaintiff in this case, Marguerite Martin.[3]

The Court will first address the legal standard for a motion to intervene. Rule 24 provides for two types of intervention: intervention as of right and permissive intervention. Under Rule 24(a), a prospective intervenor may intervene as of right when a federal statute confers an unconditional right to intervene or when the prospective intervenor claims an interest that may, as a practical matter, be impaired by disposition of the pending action and that interest is not adequately represented by existing parties. The Ninth Circuit has held that to intervene as of right, a prospective intervenor must: (1) file a timely motion; (2) identify a significant protectable interest related to the subject matter of the action; (3) suffer practical impairment of an interest if intervention is not granted; and (4) be inadequately represented by existing parties. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). Failure to satisfy any of these requirements is fatal to a motion to intervene, and the court need not reach the remaining elements. *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009). The party seeking to intervene bears the burden of showing that all of the requirements for intervention have been met. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). A proposed intervenor may also intervene by seeking the Court's permission under Rule 24(b). The Ninth Circuit has held that a court may permissively allow intervention when the prospective intervenor meets three threshold requirements: (1) files a timely application; (2)

---

[2] Two individuals have filed letters detailing their personal relationship with chronic pain and pain management. *See* Dkt. #14 at 2; Dkt. #19 at 2. The Court notes that these letters are not pleadings and do not otherwise connect their experiences to the legal claims in this case.

[3] The Complaint requests "that all Americans be allowed to join this litigation against the state of Washington and the United States of America by submitting a 'Motion to Join' with this case number." Dkt. #1 at 26. One individual also attached an instruction sheet advising individuals to simply "fill in the blanks" and mail these form Motions to the U.S. District Court for the Western District of Washington. Dkt. #14 at 3. That instruction sheet may not have been drafted by Ms. Martin as it is signed "[m]uch luv, soft hugs and many prayers. Respectfully, Robert D. Rose Jr." *Id*.

ORDER DENYING ALL PENDING MOTIONS TO INTERVENE - 2

shares a common question of law or fact with the main action; and (3) demonstrates that the court has an independent basis for jurisdiction over the intervenor's claims. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). Unlike intervention as of right, even if all three requirements are satisfied, the district court has considerable discretion to deny permissive intervention. *Id*. at 412; Fed. R. Civ. P. 24(b).

In any event, Rule 24(c) requires that a motion to intervene "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). The Ninth Circuit has approved motions to intervene without a pleading or with some other technical defect, but only "as long as the prospective intervenor fully states the legal and factual grounds for intervention." *S.E.C. v. Small Bus. Capital Corp.*, No. 5:12-CV-03237-EJD, 2014 U.S. Dist. LEXIS 104233, 2014 WL 3749900, at *7 n.2 (N.D. Cal. July 29, 2014) (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992) ("Courts, including this one, have approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion.")).

As an initial matter, each Motion fails to satisfy the procedural requirements of Rule 24(c). There are no attached pleadings. There are no particular grounds for intervention. There are no factual details specific to the individual seeking to intervene. On this basis alone, all of these Motions are properly denied. Any future fill-in-the-blank form motion would also fail this test, and the Court will strike any such motion it receives by minute order.

Nothing in this Order prevents these individuals from filing a proper motion to intervene. However, the Court cautions the individuals who filed these Motions to consider whether they can meet the requirements for intervention above before refiling.

ORDER DENYING ALL PENDING MOTIONS TO INTERVENE - 3

Having reviewed the relevant briefing and the record, the Court hereby finds and ORDERS that the Motions to Join, Dkts. #5 through #20, are DENIED. Any future fill-in-the-blank form motions to join will be stricken by minute order. The Court directs the Clerk to mail a copy of this Order to the addresses provided by all the above individuals in these Motions and to Plaintiff Martin.

DATED this 1st day of February 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE