UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARGUERITE L. MARTIN II, | Case No. C19-9RSM |
| Plaintiff, | ORDER OF DISMISSAL UNDER RULE 4(m) |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

This matter comes before the Court *sua sponte*. Plaintiff Marguerite L. Martin II filed her Complaint on January 4, 2019, against Defendants the United States of America and the State of Washington. Dkt. #1. On March 22, 2019, the Court issued an Order granting an extension of time for Plaintiff to serve Defendants and an extension of time for the Court's deadlines set forth in the prior Order Regarding Initial Disclosures and Joint Status Report. Dkt. #53. The Court stated as follows:

> The Court believes from the record that Plaintiff has failed to properly serve Defendants. Plaintiff is advised to review the requirements in Federal Rule of Civil Procedure 4(i) for service the United States and 4(j) for service on a state government. Under Rule 4(m), service is required within 90 days after the Complaint was filed in this case. Because that deadline is quickly approaching, and because of Plaintiff's medical condition, the Court will now extend this deadline by an additional 30 days. There will be no further extensions. . . . The deadline for service is now May 4, 2019. Failure to properly serve a Defendant by this date may result in dismissal of all claims against that Defendant.

Dkt. #53 at 2. Since that time, Defendant State of Washington has made an appearance through counsel from the state Attorney General's Office. Dkt. #64. Defendant United States of America has not appeared.

ORDER OF DISMISSAL UNDER RULE 4(m) - 1

On June 20, 2019, Plaintiff Martin filed a purported Joint Status Report. Dkt. #66. This was not a *joint* status report as no other party signed it or participated in its drafting. Ms. Martin begins the status report by stating she has received correspondence from an assistant attorney general for the State of Washington indicating that they had received the summons and complaint by mail but that "the state does not consider this form of service to be proper" under Rule 4(j)(2). *Id*. at 1. Plaintiff Martin indicates that she mailed summonses to both Defendants but does not provide further details. *Id*. at 2.

On July 2, 2019, the Court issued an Order to show cause why this case should not be dismissed for failure to serve. On July 16, 2019, the Court received a Response from Plaintiff Martin. Ms. Martin indicates she served both Defendants by mail. Dkt. #69 at 1. She attaches certified mail receipts addressed to the United States Attorney General's office in D.C. and the Washington State Attorney General's office in Seattle. *Id.* at 4–5. She provides no other evidence of service.

Under Federal Rule of Civil Procedure 4(i), to serve the United States a party must mail a copy of the summons and complaint to the Attorney General in D.C. <u>and</u> either deliver a copy to the local U.S. Attorney's office for the district or mail that office a copy. Plaintiff Martin has sent the summons and complaint to D.C. but not the local U.S. Attorney's office. Accordingly, the United States has not been properly served and has no obligation to appear in this case.

Federal Rule of Civil Procedure 4(j)(2) states that to serve a state, such as the State of Washington, a party must either deliver a copy of the summons and complaint to its chief executive officer or serve a copy in the manner prescribed by that state's laws for serving such a defendant. Plaintiff Martin has submitted no evidence of delivering a copy to the chief executive officer. Washington State law requires a party to serve the state by personally serving

the attorney general, "or by leaving the summons and complaint in the office of the attorney general with an assistant attorney general." RCW 4.92.020. As this Court has noted in prior cases, service by certified mail is not sufficient under Rule 4(j)(2) or RCW 4.92.020. *See Reyes v. Fircrest Sch.*, 2012 U.S. Dist. LEXIS 107822, *7, 2012 WL 3144915 (W.D. Wash. August 1, 2012).

Federal Rule of Civil Procedure 4(m) states in part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The Court has repeatedly warned Ms. Martin that service has not been proper in this case and directed her to carefully examine Rule 4 before proceeding. The Court has already granted Ms. Martin extra time to serve. Although the Court is aware of Ms. Martin's medical condition and her pro se status, she has given the Court no valid reason to continue to grant extensions to serve Defendants. Given all of the above, dismissal of this case is now warranted.

Accordingly, the Court hereby finds and ORDERS:

1) Plaintiff's claims are DISMISSED without prejudice under Rule 4(m).

2) This case is CLOSED.

DATED this 5 day of August, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL UNDER RULE 4(m) - 3